IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HAOSHENG INTERNATIONAL SHIP LEASE CO., LTD., Plaintiff, v. _____ M/T ARGIRONISSOS, Her engines, boilers, tackle, furniture, apparel, appurtenances, etc., *in rem*; ELETSON CHARTERING INC., *in personam*; ELETSON HOLDINGS INC., *in personam*; ELETSON CORPORATION, *in personam*, Defendants. | CIVIL ACTION No.: IN ADMIRALTY, Rule 9(h) |

## VERIFIED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Haosheng International Ship Lease Co., Ltd. ("Plaintiff" or "Haosheng"), files this Verified Original Complaint against the M/T ARGIRONISSOS, IMO No. 9792852, her engines, apparel, furniture, equipment, appurtenances, tackle, etc. ("M/T ARGIRONISSOS" or "Vessel"), *in rem,* and against Eletson Chartering Inc., Eletson Holdings Inc., and Eletson Corporation, *in personam*, seeking to take possession of the Vessel pursuant to Admiralty Rule D and to recover damages, and alleges and pleads as follows:

### JURISDICTION AND VENUE

1. This Complaint presents maritime claims within the meaning of Federal Rule of Civil Procedure 9(h) and Supplemental Admiralty Rules D and C.

HOUIMAN\830028-1

2. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1333. This is an action for breach of a maritime contract, a bareboat charter party, and to re-take possession of the Vessel pursuant to Admiralty Rule D.

3. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3) and Supplemental Admiralty Rules D and C.

4. Plaintiff invokes the maritime procedures and special relief provided in Rules D and C of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions ("Admiralty Rules") of the Federal Rules of Civil Procedure for the arrest of the M/T ARGIRONISSOS, as detailed herein.

## PARTIES

5. Plaintiff, Haosheng International Ship Lease Co., Ltd., is a foreign business entity incorporated under the laws of Hong Kong, with its registered office located at 1/F, Far East Consortium Building, 121 Des Voeux Road Central, Hong Kong. Haosheng is the registered owner of the M/T ARGIRONISSOS.

6. *In rem* Defendant M/T ARGIRONISSOS is a tank vessel which is currently or soon will be located within this District, and more particularly at the port of Norco, Louisiana.

7. *In personam* Defendant Eletson Chartering Inc. is a foreign business entity incorporated under the laws of the Republic of Liberia, with its registered office located at 80 Broad Street, Monrovia, Liberia. Eletson Chartering Inc. was the bareboat charterer of the Vessel.

8. *In personam* Defendant Eletson Holdings Inc. is a foreign business entity incorporated under the laws of the Republic of Liberia, with its registered office located

2

at 80 Broad Street, Monrovia, Liberia. Eletson Holdings Inc. is the Guarantor of Eletson Chartering Inc. as the bareboat charterer of the Vessel.

9. *In personam* Defendant Eletson Corporation is a foreign business entity incorporated under the laws of the Republic of Liberia, with its registered office located at 80 Broad Street, Monrovia, Liberia. Eletson Corporation is the manager of the Vessel.

## FACTS

10. Haosheng brings this action to recover possession of the Vessel pursuant to Admiralty Rule D. Haosheng is the registered owner, title owner, and legal owner of the Vessel. See true copy of Republic of Greece Certificate of Nationality, identifying Haosheng International Ship Lease Co., Limited as the Vessel Owner, attached hereto and incorporated herein as Exhibit A. The in personam defendants are wrongfully in possession of the Vessel and are depriving Haosheng of its legal rights to possess the Vessel and exercise its legal and title ownership interest in the Vessel.

11. As registered owner, Haosheng chartered the Vessel to Eletson Chartering Inc., as bareboat charterer, in a Bareboat Charter Party dated 30 December 2016 as amended and restated by an amending and restating deed dated 26 February 2019 ("Charter Party"). See true copy of excerpts from the Charter Party, attached hereto and incorporated herein as Exhibit B. This bareboat Charter Party is a maritime contract.

12. Pursuant to the Charter Party, Eletson Holdings Inc. is a Guarantor of Eletson Chartering Inc.'s obligations under the Charter Party. Eletson Corporation is the technical manager of the Vessel.

13. Eletson Chartering Inc. ("Eletson Charterer") failed to pay full charter hire under the Charter Party when hire payments were due on October 23, 2020 and again on November 25, 2020. Eletson Charterer's failure to pay full hire when due constitutes breach of the Charter Party, with each failure to pay a separate breach, and Eletson's failure to pay constitutes continuing breaches and Termination Events under the Charter Party. The shortfall in hire payment for October 2020 was $177,700.00, and the shortfall in hire payment for November 2020 was $297,290.00, resulting in an amount outstanding of $474,990.00 as of November 26, 2020.

14. Haosheng sent to Eletson Charterer on January 6, 2021 a Termination Event Notice pursuant to Clause 44.2 of the Charter Party. The Termination Event Notice gave notice to Eletson Charterer that it had failed to pay charter hire due in October and November 2020 and was in continuing breach of the Charter Party and its breaches constituted Termination Events under the Charter Party.

15. Eletson Charterer failed to comply with applicable Charter Party clauses within 10 business days after the Termination Event Notice was sent on January 6, 2021. Specifically, Eletson Charterer failed to pay the outstanding charter hire and failed to inform Haosheng in writing whether it intends to terminate the Charter Party and pay the Termination Purchase Price to Haosheng in accordance with Charter Party Clause 40.1. Pursuant to Charter Party Clause 40.3, Eletson Charterer's failure to pay the Termination Purchase Price immediately caused Eletson Charterer's right to possess and operate the vessel to immediately cease, and Haosheng has a right to take re-possession of its Vessel.

16. Eletson Charterer also failed to pay full charter hire under the Charter Party when hire payments were due on December 24, 2020, which constitutes a separate Termination Event under the Charter Party.  The shortfall in hire payment for December 24, 2020 was $317,700.00.

17. Haosheng sent to Eletson Charterer on January 13, 2021 a Notice of Default in respect of December charter hire which gave notice to Eletson Charterer that its failure to pay charter hire due in December 2020 in full and on time by 5 January 2021 constituted another breach of the Charter Party and such breach constituted a further Termination Event under the Charter Party.

18. Haosheng provided a Termination Notice to Eletson Charterer on January 22, 2021.  The Termination Notice says:

> "You have failed to notify Owners of your intention to terminate the Charterparty and pay the Termination Purchase Price to the Owners within 10 Business Days of the date of the Termination Event Notice as required under clause 44.2 of the Charterparty. As such, we hereby notify you in accordance with clause 44.3 of the Charterparty that Owners exercise their right to terminate the Charterparty. Such termination of the Charterparty is effective immediately as of the date of this Termination Notice.
>
> You are now obliged to immediately pay to Owners the Termination Purchase Price under clause 44.3 of the Charterparty, upon receipt of which Owners shall sell, transfer and redeliver the Vessel to you, at your cost and expense. If you fail to pay the Termination Purchase Price immediately, pursuant to Charterparty clause 40.3 your right to possess and operate the Vessel shall immediately cease and you shall be obliged to immediately (and at your cost) redeliver the Vessel to Owners at any port that Owners may require.
>
> If you continue to fail to comply with your obligations under the Charterparty, Owners reserve the right to take whatever steps they see fit without notice to you, including the right bring a claim against you in damages on account of any and all losses which they have incurred and which they will continue to incur as a result of your breaches, together with interest and costs.

All of Owners' rights are fully and expressly reserved."

Attached hereto as Exhibit C and incorporated herein are true copies of the Termination Notice, Notice of Default, and Termination Event Notice sent to Eletson Charterer as described above.  As of the time of filing this Complaint, Eletson Charterer has failed to pay Haosheng the Termination Purchase Price and failed to redeliver the Vessel to Owners.  The Charter Party has terminated, and Eletson Charterer remains in unlawful possession of the Vessel and refuses to redeliver the Vessel to Haosheng, in further breach of the Charter Party.

19.     Accordingly, pursuant to the terms of the Charter Party, Haosheng has an immediate right to take possession of its Vessel.

20.     The Vessel is now or soon will be within this District.  The Vessel is expected to arrive in the Port of Norco, Louisiana on Monday, February 15, 2021. Haosheng respectfully requests the Court's intervention to grant possession of the Vessel to Haosheng while the Vessel remains in the Port of Norco, the Port of New Orleans, or otherwise within this District.

21.     Haosheng seeks an order of arrest of M/T ARGIRONISSOS pursuant to Admiralty Rule D to take re-possession of its Vessel as the rightful, legal, registered, title owner of the Vessel.

## CAUSES OF ACTION

### A. POSSESSORY ACTION PURSUANT TO RULE D

22.     Plaintiff repeats and re-alleges each and every allegation contained in all preceding paragraphs and incorporates those allegations herein.

23. "A possessory action is one where a party entitled to possession of a vessel seeks to recover that vessel. It is brought to *reinstate* an owner of a vessel who alleges wrongful deprivation of property." *Silver v. Sloop Silver Cloud*, 259 F. Supp. 187, 191 (S.D.N.Y. 1966) (citing 1 Benedict on Admiralty § 73) (stating that "an owner may recover possession of a vessel under the maritime jurisdiction of the Court"). See also *Gulf Coast Shell and Aggregate LP v. Newlin*, 623 F.3d 235, 239 (5th Cir. 2010) (admiralty has jurisdiction in a possessory suit under Rule D by the vessel legal owner who has been deprived of possession).

24. As a result of Eletson Charterer's breaches and defaults under the Charter Party, Eletson Charterer is currently in wrongful possession of Haosheng's Vessel and depriving Haosheng of its legal and title right to possess the vessel. Haosheng is the legal, title, and registered owner of the Vessel, and Haosheng has an immediate right to possess the Vessel.

25. Admiralty Rule D says in "all actions for possession . . . with respect to a vessel . . . the process shall be by a warrant of arrest of the vessel . . . and by notice in the manner provided by Rule B(2) to the adverse party or parties."

26. In addition, under Admiralty Rule C, the Court is further authorized to issue a warrant to arrest a vessel in an action in rem against the vessel, which gives the Court further authority to arrest the M/T ARGIRONISSOS in conjunction with Rule D.

27. Accordingly, Haosheng seeks a warrant of arrest of the M/T ARGIRONISSOS pursuant to Rule D to take possession of the Vessel. Haosheng will provide notice of the arrest to defendants pursuant to Rule B(2). Haosheng further seeks a judgment that it is entitled to immediate possession of the Vessel as its legal, title

owner. Haosheng is entitled to enforce its right to possess the vessel pursuant to Rule D by arresting the Vessel.

## B. **BREACH OF CONTRACT**

28. Plaintiff repeats and re-alleges each and every allegation contained in all preceding paragraphs and incorporates those allegations herein.

29. Eletson Chartering breached the Charter Party, which is a maritime contract, by failing to pay charter hire in full when due in October, November, and December 2020, by continuing to fail to pay charter hire, by failing to pay the Termination Purchase Price, and by failing to redeliver the Vessel to Haosheng as required by the Charter Party.

30. Eletson Holdings Inc. is in breach of the Charter Party by failing to perform its obligations as Guarantor of Eletson Charterer's obligations under the Charter Party. Eletson Corporation is in breach of the Charter Party and other legal obligations by failing to redeliver possession of the Vessel to Haosheng.

31. Eletson Charterer's breaches of contract, and the breaches of legal duty by the other Defendants, caused damage to Haosheng by depriving Haosheng of possession of its vessel, and in the amount of unpaid charter hire and amount of the unpaid Termination Purchase Price, and all other amounts due under the Charter Party as Haosheng will prove by competent evidence in these proceedings.

32. The Charter Party calls for arbitration of disputes under it in London pursuant to the rules of the London Maritime Arbitrators Association. Haosheng reserves its right to arbitrate this dispute and to pursue recovery of its damages from

Eletson Charterer and the other defendants in accordance with the Charter Party arbitration provisions.

## ATTORNEYS' FEES

33. As a result of Eletson Charterer's breach of contract and the legal faults of the other Defendants, Haosheng has been forced to retain legal counsel and seeks reimbursement for its reasonable attorney fees incurred to recover possession of the Vessel and to recover its damages in this case, pursuant to any applicable terms in the Charter Party and any applicable law.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Haosheng prays as follows:

a) That this Verified Complaint be deemed good and sufficient;

b) That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction, be issued against the M/T ARGIRONISSOS, *in rem,* and against Eletson Chartering Inc., Eletson Holdings Inc., and Eletson Corporation, *in personam*, citing them to appear and answer under oath, all and singular, the matters alleged in the Verified Complaint;

c) That pursuant to Admiralty Rules D and C, this Court issue an Order directing the clerk of Court to issue a Warrant of Arrest arresting the M/T ARGIRONISSOS, her apparel, equipment, engines, freight, tackle, etc.;

d) That a warrant for the arrest of M/T ARGIRONISSOS be issued and that the Vessel be seized by the U.S. Marshal to be held in custody of the Court pending any judgment to be entered herein;

e) That after due proceedings, judgment be entered in favor of Haosheng and against the Defendants granting possession of the Vessel to Haosheng and awarding damages to Haosheng from the Defendants in an amount to proven in these proceedings, plus prejudgment interest, post-judgment interest, costs, attorneys' fees, custodia legis expenses, and disbursements for this case;

f) That the Court grant Haosheng such other and further relief as may be just, equitable, and proper.

      Respectfully submitted,
      **HOLMAN FENWICK WILLAN USA LLP**

      */s/ Michael J. Wray*
      Michael J. Wray
      Fed. ID No. 381651
      Texas: 24052191
      Christopher R. Hart
      Fed. ID No. 12517
      Texas: 09136310
      5151 San Felipe, Suite 400
      Houston, Texas 77056
      Telephone: (713) 917-0888
      Telefax: (713) 953-9470
      michael.wray@hfw.com
      chris.hart@hfw.com
      **ATTORNEY-IN-CHARGE**
      **FOR HAOSHENG INTERNATIONAL SHIP**
      **LEASE CO., LTD., PLAINTIFF**

**CO-COUNSEL FOR PLAINTIFF**
Grady S. Hurley (La. Bar. # 13913)
Jeanne L. Amy (La. Bar. # 37012)
Jones Walker LLP
201 St. Charles Ave – 48th Floor
New Orleans, LA 70170-5100
Tel: 504.582.8224
Fax: 504.589.8224
ghurley@joneswalker.com
jamy@joneswalker.com